IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TERESA BELL and NICHOLAS BELL,<br>       Plaintiffs,<br><br>   v.<br><br>ABLE & SULLIVAN, LLC and RHONDA SULLIVAN,<br>       Defendants. | CIVIL ACTION<br><br><br><br>NO. 16-1851 |
|---|---|

**MEMORANDUM RE: DEFENDANTS' MOTION TO DISMISS AND STRIKE**

**Baylson, J.**                                                                                              **September 13, 2016**

## I.  INTRODUCTION

Defendants Able & Sullivan, LLC ("Able & Sullivan") and Rhonda Sullivan (together with Able & Sullivan, "Defendants") move to dismiss plaintiffs' Teresa Bell's and Nicholas Bell's (collectively, "Plaintiffs") complaint in this diversity action.  Plaintiffs bring the following claims:

   i.       violations of:

         a.   Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. and Cons. Stat. Ann. § 201-1 *et seq.* (Count I),

         b.   Home Improvement Consumer Protection Act ("HICPA"), 73 Pa. Stat. and Cons. Stat. Ann. § 517.1 *et seq.* (Count II);

   ii.      Negligence and Negligence per se (Counts III-IV); and

   iii.     Medical Monitoring (Count V).

Plaintiffs also request to pierce the corporate veil of Able & Sullivan so that Defendant Rhonda Sullivan would be personally liable.

In addition, Defendants move to strike from Plaintiffs' Complaint (1) all references to the Federal Toxic Substances Act, 40 C.F.R. 745.85; (2) references to "emotional distress" in paragraphs 34 and 77; and (3) the prayer for "punitive damages." For the following reasons, Defendants' motion is granted in part and denied in part.

## II.  FACTUAL ALLEGATIONS

On March 16, 2016, Plaintiffs engaged Defendants to remove lead paint from their home, which is located at 1936 Lenape Road, West Chester, Pennsylvania (the "Property"). (ECF 1 ("Compl.") ¶¶ 6, 12). In deciding to use Defendants to remove the lead paint, Plaintiffs relied on Defendants' representations that Defendants were licensed to perform lead paint removal in Pennsylvania. (Compl. ¶ 13).

On or about March 21, 2016, Defendants began their work at the Property, which included removing lead paint from interior and exterior sections of the Property. (Compl. ¶ 17). During their work at Plaintiffs' Property, Defendants' work resulted in lead paint dust and debris to fall into the soil on the Property, and caused lead paint dust and debris contamination throughout the interior and exterior of the Property. (Compl. ¶¶ 18-24). In addition, Defendants failed to properly clean the work area. (Compl. ¶ 25). When Mr. Bell discovered the damage Defendants' work caused to the Property, he asked Defendants to stop coming to the Property. (Compl. ¶ 26). Subsequently, on March 28, 2016, Mr. Bell contacted the Chester County Health department and the Pennsylvania Department of Labor and Industry (the "Department"). (Compl. ¶ 27). These agencies informed Mr. Bell that Able & Sullivan was not certified to perform lead abatement services in the Commonwealth of Pennsylvania. (Id.). In a letter dated April 18, 2016, Defendants admitted that Able & Sullivan's license and certification to do lead paint removal did not extend to Pennsylvania. (Compl., Ex. C).

In addition to contacting the above state agencies, Mr. Bell contacted the Environmental Protection Agency ("EPA") regarding Defendants' work at the Property and the damage Defendants' work caused to the Property. (Compl. ¶ 28). On March 31, 2016, the Department and the EPA came to the Property and questioned Defendants as to their lead removal work at the Property. (Compl. ¶ 29). The Department issued Defendants a "Stop Work Order" on March 31, 2016. (Compl. ¶ 30). And, on April 1, 2016, the Department came to the Property and met with Defendants as to Defendants' work on the Property. (Compl. ¶ 31).

As a result of the Property being rendered uninhabitable by Defendants' work, Mr. Bell and his wife, along with their three daughters, are unable to live at the Property. (Compl. ¶ 33). Furthermore, it will cost Plaintiffs upwards of $80,000 to repair the damage to the Property's interior and exterior, and to clean or replace the Property's damaged furnishings. (Compl. ¶ 32).

In addition to the above, Plaintiffs make the following five (5) allegations, all upon information and belief: (1) that Able & Sullivan is "undercapitalized for its purposes and activities"; (2) that Ms. Sullivan "intermingled substantial assets of the corporate defendants with her own assets"; (3) that Ms. Sullivan "failed to maintain the corporate books and records of the corporate defendants"; (4) an absence of corporate formalities; and (5) that Ms. Sullivan has comingled her personal funds with those of Able & Sullivan. (Compl. ¶¶ 36-40).

### III.  JURISDICTION & PROCEDURAL HISTORY

This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

Plaintiffs commenced this action by filing their Complaint on April 19, 2016. (ECF 1). On July 12, 2016, Defendants moved to dismiss Plaintiffs' Complaint (the "Motion to Dismiss"). (ECF 8, Defs.' Mot. to Dismiss Pls.' Compl. ("Defs.' Br.")). Plaintiffs opposed Defendants'

Motion to Dismiss on July 29, 2016. (ECF 9, Pls.' Response in Opp'n to Defs.' Mot. to Dismiss ("Pls.' Opp'n")). On August 5, 2016, Defendants replied in further support of their Motion. (ECF 10, Defs.' Reply to Pls.' Opp'n ("Defs.' Reply")).

## IV.  LEGAL STANDARDS

**A.      Motion to Dismiss**

A claim may dismissed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for "failure to state a claim upon which relief can be granted."  The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

Except as provided in Rule 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), the Third Circuit Court of Appeals described Iqbal as requiring a two-part analysis when considering a Rule 12(b)(6) motion.  First, a court separates the facts averred in the complaint from any legal conclusions asserted therein.  Fowler, 578 F.3d at 210-11.  All facts pleaded must be taken as true, but any legal conclusions may be disregarded.  Id.  Second, the court determines whether the facts alleged are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 211 (quoting Iqbal, 556 U.S. at 679).

Pleadings must include at least some factual allegations to support the legal claims asserted.  Id. at 210.  "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**B.     Motion to Strike**

Rule 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "While courts possess considerable discretion in weighing Rule 12(f) motions, such motions are not favored and will generally be denied unless the material bears no possible relation to the matter at issue and may result prejudice to the moving party." Miller v. Grp. Voyagers, Inc., 912 F. Supp. 164, 168 (E.D. Pa. 1996).

## V. DISCUSSION

**A.     Gist of the Action Doctrine**

Defendants seek dismissal of Plaintiffs' negligence claims, arguing that the relationship between the parties was established by contract and therefore that Defendants did not breach any duty owed to Plaintiffs because the purported agreement between the parties fails for lack of consideration.  (Defs.' Br. at 9-10).  Accordingly, Defendants' theory implicates the gist of the action doctrine, which bars, as a matter of law, a party from bringing tort claims where the action is truly one for breach of contract. Bret Binder v. Weststar Mortg., Inc., No. 14-7073, 2016 WL 3762710, at *21 (E.D. Pa. July 13, 2016).

The gist of the action doctrine is intended to maintain the sometimes tenuous distinction between breach of contract claims and tort claims.  Bruno v. Erie Ins. Co., 106 A.3d 48, 60-62 (Pa. 2014).  The Supreme Court of Pennsylvania recently examined the gist of the action doctrine in the context of a motion to dismiss a negligence claim brought by insureds against

5

their insurer for representations made by the insurer's agent regarding the harmfulness of mold discovered in the insured's home. Id. at 50. The Pennsylvania Supreme Court explained that "the critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract," for purposes of stating a claim, is "the nature of the duty alleged to have been breached." Id. at 68. The Pennsylvania Supreme Court continued:

> [T]he substance of the allegations comprising a claim in a plaintiff's complaint are of paramount importance, and, thus, the mere labeling by the plaintiff of a claim as being in tort, e.g., for negligence, is not controlling. If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract. If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.

Id. at 68 (internal citations omitted).

In Bruno, the Pennsylvania Supreme Court began its determination of the "true gist or gravamen of the claim" by examining the language of the governing agreement, the homeowners' insurance policy. Bruno, 106 A.2d at 68, 70. There, the homeowners' policy required the insurer to pay up to $5,000 to the insureds when their home sustained a direct physical loss as the result of mold. Id. The insureds did *not* allege that the insurer failed to pay the $5,000 it was obliged to pay under the homeowners' policy, but *did* allege negligent actions taken by the insurer's agents in the course of performing the insurer's contractual obligations. Id. Thus, the gist of the insurers' claims sounded in negligence because the insurer, "during the course of fulfilling these obligations through the actions of its agents, acted in a negligent manner by making false assurances regarding the toxicity of the mold and affirmatively

6

recommending to the [insureds] that they continue their renovation efforts, which caused them to suffer physical harm because of their reasonable reliance on those assurances." Id. at 71. In such a case, the homeowners' policy "merely served as the vehicle which established the relationship between" the insureds and their insurer, "during which [the insurer] allegedly committed a tort." Id.

Similarly, in Bret Binder v. Weststar Mortgage, Inc., No.14-7073, 2016 WL 3762710, at *22 (E.D. Pa. July 13, 2016) (Pratter, J.), the court began its analysis with an eye to the language of the contract itself. In finding that the plaintiff's alleged breaches of fiduciary duty were barred by the gist of the action doctrine, the court noted that the first alleged breach concerned a "duty to make payments as required by the terms of the contract" which was "an obligation defined exclusively by the terms of the contract." Bret Binder, 2016 WL 3762710, at *22. The second alleged breach of fiduciary duty was closer in that the duty was "not alleged to have been expressly set out in the four corners of the contract itself." Id. However, the duty was pleaded as one of "good faith and fair dealing," which the court recognized was an "interpretive tool to determine the parties' justifiable expectations in the context of a breach of contract action." Id. (internal quotation marks omitted). Accordingly, both duties originated with the contract and were therefore not independent obligations recognized by tort law. Id. Cf. Skold v. Galderma Labs., L.P., 99 F. Supp. 3d 585, 602 (E.D. Pa. 2015) (finding "deception on the part of Defendants breache[d] a broader societal duty they had to [plaintiff] not to mislead him, which d[id] not relate to any provision of the contract," was *not* barred by the gist of the action doctrine); Mendelsohn, Drucker & Assocs. v. Titan Atlas Mfg., Inc., 885 F. Supp. 2d 767, 790 (E.D. Pa. 2012) (Baylson, J.) (finding plaintiff's fraudulent inducement claims not barred by the

gist of the action doctrine because the fraudulent inducement constituted "breach of duties of honesty imposed by society, not contractual duties contained in the Engagement Letter.").

The Third Circuit Court of Appeals, in a non-precedential opinion, read Bruno as requiring the court to "examine the factual allegations and ask, '[w]hat's this case really about?'" Downs v. Andrews, 639 F. App'x 816, 819 (3d Cir. 2016) (alteration in original) (quoting Pediatrix Screening, Inc. v. TeleChem Int'l, Inc., 602 F.3d 541, 550 (3d Cir. 2010)).  The Court finds that this case is "really about" Defendants' alleged breach of duties imposed by society.  In other words, the gist of Plaintiffs' Complaint, which alleges that Defendants, in the business of making improvements to Plaintiffs' Property, had a duty not to endanger the health or safety of the public, and breached that duty by their failure to remove lead-based paint, sounds in tort, rather than contract.

Thus, as in Bruno, here the alleged agreement between the parties served as the "vehicle" for Defendants' allegedly negligent actions.  Accordingly, the Court finds that the "gist of the action" doctrine does not bar Plaintiffs' negligence claim from proceeding.

**B.     Plaintiffs' Statutory Claims May Proceed**

In addition to having pleaded claims for Negligence and Negligence Per Se, Plaintiffs have pleaded Pennsylvania statutory claims which are in the nature of breach of contract. Defendants argue that, just as Plaintiffs' negligence claim is barred by the "gist of the action" doctrine, Plaintiffs' HICPA claim must be dismissed for failure to allege consideration. (Defs.' Br. at 10).  The Court disagrees.  Plaintiffs have adequately alleged that a contract existed between Plaintiffs and Able & Sullivan.  Under Pennsylvania law,[1] courts "look to: (1) whether both parties manifested an intention to be bound by the agreement; (2) whether the terms of the

---

[1]     The parties appear to agree that Pennsylvania law governs, as both parties briefed the issue using Pennsylvania law and neither party has specifically disputed the application of Pennsylvania law.

agreement are sufficiently definite to be enforced; and (3) whether there was consideration." ATACS Corp. v. Trans World Commcn's, Inc., 155 F.3d 659, 666 (3d Cir. 1998). Defendants only challenge the last requirement, namely, that of consideration. (Defs.' Br. at 10).

In their Complaint, Plaintiffs sufficiently allege consideration. Attached to Plaintiffs' Complaint[2] were three (3) documents, one of which was the initial proposal for the removal of lead paint from Plaintiffs' Property (the "Proposal"). (Compl. Ex. A). The Proposal indicates that Able & Sullivan was to "remove paint from surfaces identified by owner as containing hazardous levels of lead-based paint" in exchange for "$10,000.00" (Id.). Thus, Plaintiffs have sufficiently alleged consideration. As a consequence, the Court will deny Defendants' motion to dismiss Plaintiffs' HICPA claim.

Allowing Plaintiffs' statutory claims (sounding primarily in breach of contract) to proceed does not violate the gist of the action doctrine. Rather, a plaintiff can bring an action for contract and tort claims where the main thrust of the action sounds in tort. eToll, Inc. v. Elias/Savion Advertising, Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002) ("[A]lthough mere non-performance of a contract does not constitute a fraud, it is possible that a breach of contract *also gives rise to an actionable tort*. To be construed in tort, however, the wrong ascribed to a defendant must be the gist of the action, the contract being collateral.") (emphasis added).

Here, as discussed above, the Court finds that the gravamen of Plaintiffs' Complaint alleges Defendants breached duties imposed by social policy rather than by mutual consensus.

---

[2] The Third Circuit recognizes that a district court ruling on a motion to dismiss may consider "a 'document integral or explicitly relied upon in the complaint . . . without converting the motion [to dismiss] into one for summary judgment.'" In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (alteration in original) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)). Plaintiffs have attached three (3) exhibits to the Complaint. The first exhibit (Compl. Ex. A) appears to be a proposal by Able & Sullivan, the second (Compl. Ex. B) Able & Sullivan's revised proposal, and the third (Compl. Ex. C) a letter from Able & Sullivan to Plaintiffs. Defendants have not disputed the authenticity of these documents. In accordance with Burlington, the Court is considering the Proposal, which is explicitly relied upon in Plaintiffs' Complaint. (See, e.g., Compl. ¶ 12).

In other words, Plaintiffs have not merely repackaged a contract claim as a tort claim.  As a consequence, both Plaintiffs' statutory and tort claims can proceed.

**C.     Veil Piercing Claim**

However, as to the Plaintiffs' "veil-piercing" claim, the Court finds that the allegations as to Rhonda Sullivan are woefully inadequate to allow a veil-piercing claim to proceed against her. See Clientron Corp. v. Devon IT, Inc., 154 F. Supp. 3d 132, 138-39 (E.D. Pa. 2015) (Baylson, J) (reciting factors Pennsylvania courts consider in determining whether to pierce the corporate veil).

The undersigned has recently concluded a trial in which the plaintiff made allegations to pierce a corporate veil so as to make the husband and wife, who jointly owned all of the stock of the defendant, personally liable.  The principal issue concerned whether the wife was sufficiently involved in the business, or whether circumstances would allow the plaintiff to pierce the corporate veil so as to hold the husband and wife jointly liable to the plaintiff, as all of the stock and the assets of the defendant were jointly held by husband and wife.  Although the court denied summary judgment on this ground, Clientron Corp., 154 F. Supp. 3d at 139, the court eventually denied the plaintiff's motion to pierce the corporate veil, Clientron Corp. v. Devon IT, Inc., No. 13-05634, 2016 WL 3973758, at *1-7 (E.D. Pa. July 22, 2016).

The Court will also deny Defendants' Motion to Strike because the references about which Defendants complaint are not prejudicial, and the mere fact that they are alleged in the Complaint does not mean they will necessarily be part of the trial or that references to them will be admissible at trial.

**D.     Dismissal under Rule 10(b)**

Finally, Defendants seek dismissal of Plaintiffs' Complaint for failure to comply with Rule 10(b), which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The purpose of this requirement is to create clarity in pleadings and provide the defendants with "a point of reference for responding." Spence v. Schafer No. 13-0016, 2013 WL 1364025, at *4 (W.D. Pa. Mar. 7, 2013).

"[V]eil-piercing is not a separate cause of action," Accurso v. Infra-Red Servs., Inc., 23 F. Supp. 3d 494, 510 (E.D. Pa. 2014), and Plaintiffs were under no requirement to separately label their allegations as to veil-piercing. In addition, Plaintiffs complied with Rule 10(b) insofar as their claims are in numbered paragraphs, and are sufficiently limited to a single set of circumstances. As a result, the Court denies Defendants' motion to dismiss Plaintiffs' Complaint for failure to comply with Rule 10(b).

## VI.  CONCLUSION

For the foregoing reasons, the Court will deny Defendants' Motion to Dismiss except as to the allegations concerning Rhonda Sullivan under the veil-piercing doctrine, as to which the Motion to Dismiss will be granted with leave to amend within thirty (30) days.

An appropriate Order follows.

O:\CIVIL 16\16-1851 Bell v. Able & Sullivan LLC\Memorandum re Motion to Dismiss and Strike v2.docx